Filed 1/16/24  P. v. Martinez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C097624 |
| Plaintiff and Respondent, | (Super. Ct. No. CR58016) |
| v. | |
| HUMBERTO MARTINEZ, | |
| Defendant and Appellant. | |

In 1980, a jury found defendant Humberto Martinez guilty of two counts of robbery (Penal Code, § 211; statutory section citations that follow are found in the Penal Code unless otherwise stated), one count of kidnapping for the purpose of robbery (§ 209), and one count of conspiracy to commit murder (§§ 182, 187).  The trial court sentenced defendant to 15 years to life on the conspiracy conviction, seven years to life on the kidnapping conviction, and three years as to each robbery conviction.

In 2022, defendant filed a petition for resentencing pursuant to section 1172.6, which the trial court denied at the prima facie stage.

1

We note that, effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. Defendant filed his petition under former section 1170.95, but we will cite to the current section 1172.6.

On appeal, counsel filed a brief raising no arguable issues under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) and requesting we exercise our discretion to review the entire record for arguable issues on appeal. Defendant filed a supplemental brief arguing he was not the perpetrator who attempted to kill or maim anyone, a perpetrator who robbed anyone or threw them to the ground, and that the trial court's denial of his motion was a word game. He also argues his sentence constitutes cruel and/or unusual punishment. We affirm the trial court's order.

FACTS AND HISTORY OF THE PROCEEDINGS

We summarize the relevant facts of this case from our prior unpublished opinion. (*People v. Martinez* (Sept. 22, 1986, C001059 (formerly CR14528)) [nonpub. opn.] (*Martinez*).) We recite these facts for context but rely only on the procedural history they disclose in rendering our decision.

Preliminarily, we acknowledge there is a split of authority as to whether we may use these facts at the prima facie stage, but need not resolve that issue given our disposition of this case. (Compare *People v. Brimmer* (2014) 230 Cal.App.4th 782, 800 [holding a prior appellate opinion is part of the record of conviction that may be used at the prima facie stage] with *People v. Flores* (2022) 76 Cal.App.5th 974, 988 [suggesting in dicta that opinion may not be used at the prima facie stage].)

As to the first victim, defendant, and four other men drove to Sacramento in a truck to visit defendant's girlfriend. The group got lost and when defendant stopped to ask directions from a woman named M.M., a man from his party jumped out of the truck,

2

stole the woman's purse, knocked her down, and jumped back in the truck as defendant drove away. After a high speed chase, defendant crashed the truck into a telephone pole and the men scattered, with one, San Luis, following defendant. (*Martinez, supra,* C001509.)

Defendant and San Luis met the second victim, R.G., at a liquor store or a gas station. Defendant claimed he offered to pay for gas if R.G. would drive them back to Stockton. Defendant said R.G. agreed, while R.G. testified, he refused. After R.G. filled his car with gas, defendant and the other man pushed R.G. face down into the back of the car. While they were driving, the men took R.G.'s wallet from him while holding a knife to his throat. R.G. also heard the defendant say they were going to stab him and kill him and then go to Mexico. (*Martinez, supra,* C001509.)

Defendant drove fast and erratically down the highway and then pulled over. R.G. testified defendant approached him with a knife, but R.G. pushed defendant out of the way and managed to escape. (*Martinez, supra,* C001509.)

The jury found defendant guilty of two counts of robbery (§ 211), one count of kidnapping for the purpose of robbery (§ 209), and one count of conspiracy to commit murder (§§ 182, 187). (*Martinez, supra,* C001509.)

In 2022, defendant filed a petition seeking to be resentenced pursuant to section 1172.6.

After briefing and oral argument, the trial court found, "Petitioner does not contest that he was only convicted of conspiracy to commit murder. The abstract of judgment submitted by petitioner confirms he was not convicted of murder, attempted murder or manslaughter. By its plain terms, the current version of section 1172.6 applies only to convictions for murder, attempted murder, or manslaughter. The Legislature did not add conspiracy to commit murder to the list of eligible crimes when it amended section 1172.6. The Court cannot add offenses to section 1172.6 that the Legislature chose to omit."

3

Defendant filed a timely notice of appeal.

## DISCUSSION

## I

## *Scope of Appeal*

In his supplemental brief, defendant argues he was not the perpetrator who attempted to kill or maim anyone, who robbed anyone or threw them to the ground, and that the trial court's denial of his motion amounts to nothing more than a word game. He also argues his imprisonment constitutes cruel and/or unusual punishment.

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo, supra*, 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid*.)

In *Delgadillo*, our Supreme Court held that *Wende* independent review is not constitutionally required in an appeal from a postconviction order denying a section 1172.6 petition for resentencing because the denial does not implicate a defendant's constitutional right to counsel in a first appeal as of right. (*Delgadillo, supra*, 14 Cal.5th at pp. 222, 224-225.)

The *Delgadillo* court gave guidance for considering an appeal from an order denying a section 1172.6 petition where counsel finds no arguable issues properly pursued on appeal. (*Delgadillo, supra*, 14 Cal.5th at p. 232.) When a defendant has been notified that his appeal of the postconviction order may be dismissed, the reviewing court must evaluate the specific arguments presented in any supplemental brief the defendant files. (*Ibid*.) The filing of a supplemental brief, however, "does not compel an independent review of the entire record to identify unraised issues." (*Ibid*.)

4

We turn to the issues raised in defendant's supplemental brief.

## II

### *Senate Bill No. 1437*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 achieved this by amending sections 188 and 189. Effective January 1, 2022, Senate Bill No. 775 (2021-2022 Reg. Sess.) amended section 1172.6 to expand its coverage to include those convicted of "attempted murder under the natural and probable consequences doctrine . . . ." (Stats. 2021, ch. 551, § 2; § 1172.6, subd. (a).)

Section 1172.6 provides, "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated . . . ." (§ 1172.6, subd. (a).)

Defendant contends the denial of his petition are merely word games. By its plain terms, section 1172.6 applies only to a petitioner's convictions for murder, attempted murder, or manslaughter. (See *People v. Medrano* (2021) 68 Cal.App.5th 177, 182 [petitioner convicted of conspiracy to commit murder was legally ineligible for relief under section 1172.6].) The Legislature did not add conspiracy to commit murder to the list of eligible crimes when it amended section 1172.6. Because, upon amendment, the Legislature did not add conspiracy to commit murder to the list of crimes covered by

5

section 1172.6, we cannot do so.  While defendant argues the denial of his petition is based merely on semantics, we are bound by the plain meaning of the amended statute.

Defendant is ineligible for resentencing as a matter of law.

To the extent defendant raises other challenges to his trial unrelated to the changes brought about by Senate Bill No. 1437 [here, the arguments his sentence is cruel and unusual punishment and he was not factually guilty of the crimes for which he stands convicted], section 1172.6 does not authorize those challenges.  (*People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error"].)

DISPOSITION

The judgment is affirmed.

_____

HULL, Acting P. J.

We concur:

_____

RENNER, J.

_____

ASHWORTH, J.*

_____

* Judge of the El Dorado County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6